I respectfully dissent from the majority decision. I would find that the officer's testimony in the instant case supports a finding that based on his knowledge, training, and experience, the incriminating nature of the folded paper in the instant case was immediately apparent, and he had probable cause to associate this particular type of folded paper with criminal activity. The officer testified that the piece of paper was folded into the shape of a triangle, and located inside the plastic wrap, on the outside of the cigarette box. He testified that the paper looked very typical to the way certain kinds of narcotics are transported: folded into a paper in a manner which prevents the drugs from falling out. He testified that based upon what he had seen in the past, the paper appeared to be packaging of a narcotic substance. I would find that pursuant to Brown, supra, and Telthorster, supra, the officer's opening of the folded pieces of paper falls within the plain view exception to the Fourth Amendment's warrant requirement. I would affirm the judgment of the Licking County Common Pleas Court.